## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**GREGORY D. CRAIN**                                  CIVIL ACTION NO. <u>15-1777</u>

**VERSUS**                                                        JUDGE _____

**SCHLUMBERGER TECHNOLOGY
CORPORATION**

                                                                       MAGISTRATE_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT WITH JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes **GREGORY D. CRAIN** (hereinafter, "Plaintiff"), an individual of the age of majority, domiciled in the State of Louisiana, Parish of St. Tammany, who respectfully represents as follows:

1.

This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331, for the reason that this action arises under the laws of the United States, and specifically, The Family and Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601, et seq., and the Employee Retirement Income Security Program ("ERISA"), Interference with Rights Prohibition, 29 U.S.C.A. § 1140. Further, this Court has supplemental jurisdiction over the claims arising under the laws of the State of Louisiana, pursuant to 28 U.S.C. §1367(A), for the reason that the state claims, and specifically, LSA-R.S. 23: 322 et seq. (Disability Discrimination) and LSA-R.S. 23:312, et seq. (Age Discrimination), arise out of the same incidents giving rise to Plaintiffs' federal claims and form a part of the same case or controversy.

1

2.

Plaintiff is a citizen of the State of Louisiana, and is domiciled in and a resident of St. Tammany Parish, Louisiana.

3.

Defendant, Schlumberger Technology Corporation Inc., ("Schlumberger"), is domiciled in the State of Texas and registered to do business in the State of Louisiana, with its principal Louisiana business establishment in New Orleans, Louisiana.

4.

Plaintiff at all times relevant to this lawsuit had an office in the Schlumberger New Orleans office at 1515 Poydras St., Suite 900, New Orleans, Louisiana, and this lawsuit arises out of Defendant's actions and omissions within the Eastern District of the State of Louisiana; further, the harm suffered by Plaintiff occurred within the Eastern District of the State of Louisiana. For these reasons, *inter alia*, venue is proper in the Eastern District of Louisiana.

5.

Plaintiff was employed for five years by Pathfinder, a company which was purchased by Schlumberger on August 27, 2010. Pursuant to that acquisition, Plaintiff became an employee of Schlumberger, and continued his employment until February 9, 2015, on which date he was terminated by Schlumberger.

6.

At the time that Plaintiff was terminated from his employment, he held the position of Southern Regional Sales Manager.

7.

On or about September 21, 2014, Plaintiff broke his leg and underwent surgery, during which a plate and screws were implanted. Plaintiff was required to wear a cast for a period of several weeks, and was instructed by his physician to refrain from driving. Defendant accommodated Plaintiff's short-term inability to drive by allowing him to work from his home in St. Tammany Parish during the period of this disability.

8.

On or about January 28, 2015, Plaintiff learned that the plate implanted in his leg broke, the bone had not healed, and he would have to have a second surgery, with new hardware implanted. Once again, he would be unable to drive for a period of at least six weeks. Further, he would be required to attend extensive physical therapy.

9.

On or about that same day of January 28, 2015, or the following day, Plaintiff informed his supervisor, Greg Matherne ("Matherne"), that the plate in his leg had broken, that the bone had not healed, and that he would have to have surgery again. Greg Matherne responded by saying, "Oh, no. When will you have the surgery?" Plaintiff informed Matherne that it would have to be scheduled as soon as possible.

10.

Within a few days of informing Matherne of his impending surgery, Plaintiff sent an email to Jan Simpson in Defendant's Human Resources Department (HR), to inform HR of the impending surgery and period of recuperation, and to open a dialogue concerning the options available to him.

3

11.

Neither Jan Simpson nor anyone else from HR ever responded to his inquiry.

12.

Plaintiff's surgery was scheduled for February 12, 2015, with a pre-surgery appointment at the hospital scheduled for Monday, February 9, 2015.

13.

On Sunday, February 8, 2015, the day before Plaintiff's pre-surgery appointment and four days before the scheduled surgery, Matherne telephoned Plaintiff at his home and informed him that Plaintiff was going to be terminated from his employment the following day when Plaintiff arrived at the New Orleans office.

14.

Matherne further told Plaintiff that he would not have an HR representative present at the termination meeting on February 9, despite the fact that Schlumberger policy provided for this. Plaintiff expressly requested from Matherne by telephone that he be provided with information about his right to short-term disability leave, and Matherne stated that although he would not have someone from HR present at the termination meeting, he would have someone from HR "standing by" via telephone to answer questions.

15.

On Monday, February 9, 2015, following Plaintiff's pre-surgery appointment at the hospital (an appointment of which Matherne had knowledge), Plaintiff arrived at the New Orleans office and met with Matherne, who took Plaintiff's Schlumberger laptop computer and other company property from him pursuant to company policy. Plaintiff wanted to discuss his rights to medical leave, and Matherne attempted to contact HR in the presence of Plaintiff, but was unable

4

to reach anyone, despite his prior representation that he would have someone from HR "standing by" for that purpose.

16.

During the meeting with Matherne, Plaintiff stated that he wanted to forward the email that he had previously sent to HR to other HR representatives, and Matherne, after first stating, "What do you want to do, get me fired?", then allowed Plaintiff to use the company laptop computer so that Plaintiff could forward the email to HR that he had previously written to HR, to other HR representatives. However, once again, he received no response. Shortly thereafter, Plaintiff was instructed to clean out his office and leave the premises.

17.

The following day, Plaintiff drove to the Schlumberger location in Lafayette, Louisiana, where he maintained another office. He met with Jan Simpson, to whom he had sent the first email, and with a second HR representative, whom he believes and therefore alleges is Ida Ashley. He again inquired about disability leave for his impending surgery, but was told he was not entitled to any leave for an event that had not yet occurred.

18.

Plaintiff believes and therefore alleges that his termination was motivated in whole or in part by the fact that he would be having surgery and a period of incapacity and recuperation that would require him to take a medical leave and seek short-term disability benefits.

19.

Additionally and/or alternatively, Plaintiff believes and therefore alleges that his termination was motivated by Defendant's erroneous perception that his disability would be

permanent, would require permanent accommodation, and/or would prevent him from being able to fully perform the duties of his job.

20.

Additionally and/or alternatively, Plaintiff believes and therefore alleges that his termination was motivated by his age. Plaintiff was 59 on the date of his termination; he turned 60 five days later, on February 14, 2015.

21.

For the reasons set forth hereinabove, and as more fully set forth hereinbelow, Plaintiff's termination was a wrongful discharge, and has resulted in extensive damage to him, for which he is entitled to back pay, front pay, lost benefits, compensation for emotional distress and anxiety, liquidated/punitive damages, reinstatement to his employment, and attorney fees, and such other legal and equitable relief to which he may be entitled.

**Count I—Violation of 29 U.S.C.A. § 2601, et seq.**
**The Family and Medical Leave Act ("FMLA")**

22.

Plaintiff reasserts each of the allegations set forth in Paragraph 1-22, hereinabove.

23.

Plaintiff clearly informed both his immediate supervisor, Greg Matherne, and Human Resources, that he would be having surgery and that as a result thereof, he would be unable to drive for a period of at least six weeks and that he would be required to participate in physical therapy.

6

24.

Plaintiff provided this information to Matherne eleven days before he was informed that he was going to be terminated, and he provided this information to HR approximately eight to nine days before he was informed he was going to be terminated.

25.

By providing Defendant, through Matherne and HR, with information adequate to place Defendant on notice of circumstances that would most likely give rise to the need for medical leave, Defendant was obligated to advise Plaintiff of his rights under the Family Medical Leave Act ("FMLA"), in addition to his rights related to the Defendant's short-term disability policy provided pursuant to the Defendant's benefits plan.

26.

Defendant, acting through Matherne and HR, and possibly through others who may be identified through the course of discovery, failed in bad faith or with wanton disregard for Plaintiff's needs and rights, to advise Plaintiff of his right to FMLA leave.

27.

Additionally and/or alternatively, by terminating Plaintiff from his employment three days before his surgery, Defendant, acting through Matherne and HR, and possibly through others who may be identified through the course of discovery, unlawfully interfered with Plaintiff's ability to take advantage of his protected rights under, *inter alia*, the FMLA.

28.

Additionally and/or alternatively, Plaintiff believes and therefore alleges that Defendant's termination of Plaintiff was motivated in whole or in part by Plaintiff's right to seek leave under the FMLA.

7

29.

Plaintiff submits that as a result of Defendant's blatant willful act and/or act of wanton disregard in terminating his employment, for each and/or all of the reasons set forth in Count I hereinabove, Defendant is liable to Plaintiff for all damages he sustained which are recoverable under the FMLA, including his monetary losses, an equal amount in liquidated damages, interest on all sums due, reinstatement of employment, and attorney fees.

**Count II- Violation of 29 U.S.C.A. § 1140**
**Employee Retirement Income Security Program ("ERISA")**
**Interference with Rights Prohibition**

30.

Plaintiff reasserts each of the allegations set forth in Paragraph 1-25, hereinabove.

31.

As set forth hereinabove, Plaintiff specifically requested information on multiple occasions concerning short-term disability benefits, but Defendant failed to provide Plaintiff with information or with any option or opportunity to receive short-term disability benefits which was one of the benefits to which he was entitled pursuant to Defendant's ERISA benefit plan.

32.

Defendant, acting through Matherne and HR, and possibly through others who may be identified through the course of discovery, failed in bad faith or with wanton disregard for Plaintiff's needs and rights, to provide Defendant with short-term disability benefits.

33.

Plaintiff believes and therefore alleges that Defendant interfered with Plaintiff's right to short-term disability benefits to which he was entitled under the provisions of Defendant's

employee benefit plan, and that Plaintiff's discharge was motivated in whole or in part by his entitlement to and/or for his attempts to exercise his right to such benefits.

34.

Plaintiff submits that as a result of Defendant's interference with his right to short-term disability benefits as set forth in Paragraph 34 hereinabove, Defendant is liable to Plaintiff for all damages to which he is entitled under ERISA, including but not limited to the short-term disability benefits which he would have received had he not been terminated, liquidated/statutory penalties, reinstatement of employment, attorney fees, and such other legal and equitable relief to which he may be entitled.

### Count III- Violation of LSA-R.S. 23:322, et seq.
### Louisiana Disability Discrimination

35.

Plaintiff reasserts each of the allegations set forth in Paragraph 1-25, hereinabove.

36.

LSA-R.S. 23:322 provides that the definition of "Person with a disability" includes any person who "is regarded as having such an impairment." LSA-R.S. 23:323 therefore prohibits an employer from discharging a qualified person

37.

LSA-R.S. 23:323 prohibits an employer from discharging an otherwise qualified person with a disability, on the basis of that disability, including the discharge of a qualified person

38.

Plaintiff believes and therefore alleges, as an additional and/or alternative claim, that Defendant regarded Plaintiff as a person having an impairment that would interfere with his ability

9

to perform his work, and that Defendant therefore was motivated in whole or in part in its decision to terminate Plaintiff because of this mistaken perception of Plaintiff.

39.

Plaintiff submits that as a result of this discrimination based upon a perceived disability, Defendant is liable to Plaintiff for all damages he has sustained, including but not limited to back pay, front pay, lost benefits, compensation for emotional distress and anxiety, liquidated/punitive damages, reinstatement to his employment, and attorney fees, and such other legal and equitable relief to which he may be entitled.

### Count IV- Violation of LSA-R.S. 23:312
### Age Discrimination

40.

Plaintiff reasserts each of the allegations set forth in Paragraph 1-25, hereinabove.

41.

Plaintiff believes and therefore asserts, as an additional and/or alternative claim, that his age was the sole or a motivating factor in the termination of his employment, and/or there was a disparate impact on employees over 50 years old in the termination policies of Schlumberger.  He was 59 years old on the date that he was terminated, and attained the age of 60 five days later, on February 14, 2014.

42.

LSA-R.S. 29:312 prohibits age discrimination.

43.

Plaintiff submits that as a result of Defendant's discrimination against him based on age, Defendant is liable to Plaintiff for all damages he has sustained, including but not limited to back

10

pay, front pay, lost benefits, compensation for emotional distress and anxiety, liquidated/punitive damages, reinstatement to his employment, and attorney fees, and such other legal and equitable relief to which he may be entitled.

## Trial by Jury

44.

Plaintiff is entitled to and requests a trial by jury.

**WHEREFORE,** premises considered, Plaintiff, Gregory D. Crain, prays that this matter be set for trial by jury, and that a there be judgment herein in his favor and against Defendant, Schlumberger Technology Corporation, awarding Plaintiff back pay, front pay, lost benefits, compensation for emotional distress and anxiety, liquidated/punitive damages, reinstatement of his employment, attorney fees, interest on all sums due, costs, and all such other legal and equitable relief to which he may be entitled.

Respectfully submitted,

Lisa Brener, La. Bar #01809
Chelsea Brener Cusimano, La. Bar #34857
**Brener Law Firm, LLC**
3640 Magazine Street
New Orleans, LA 70115
Tel. (504) 302-7802; Fax (504) 304-4759
lbrener@brenerlawfirm.com

*Attorneys for Plaintiff, Gregory D. Crain*

11

## **VERIFICATION**

I hereby verify that I have read the foregoing Complaint, and all of the allegations set forth therein are true and correct to the best of my knowledge, information and belief.

New Orleans, Louisiana, this _18_ day of _May_____, 2015.

_____
Gregory D. Crain

_____
Lisa Brener, Notary (Bar Roll. # 1809)