## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GREGORY CRAIN**                                         **CIVIL ACTION**

**VERSUS**                                                      **NO: 15-1777**

**SCHLUMBERGER TECHNOLOGY CO.**          **SECTION: "H"(2)**

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 19). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff's Complaint alleges that he worked for Defendant Schlumberger Technology Corporation ("Schlumberger") and its predecessor for ten years as a regional sales manager.  Schlumberger is a global oil field services provider.  On September 21, 2014, Plaintiff broke his ankle and underwent surgery.  Thereafter, he was required to wear a cast and instructed not to drive for a period of six weeks.  Defendant accommodated these restrictions by allowing Plaintiff to work from home.

1

A few weeks prior to his termination, Plaintiff learned that the break had not healed and that a second surgery would be required.  He alerted his supervisor and the human resources department about the surgery.  On February 9, 2015—just four days before the surgery—Plaintiff was informed that he would be terminated from his employment with Defendant.  Plaintiff alleges that a human resources representative did not meet with him during his termination and that they later informed him that he was not entitled to short term disability leave under the Family Medical Leave Act ("FMLA").  Plaintiff, a fifty-nine-year-old man, contends that his termination was motivated by his surgery and temporary driving restrictions, as well as his age.  Defendant rebuts that Plaintiff was terminated pursuant to a reduction in force resulting from the decline in oil prices.  Plaintiff brings claims for age and disability discrimination and for interference and retaliation pursuant to the FMLA and the Employee Retirement Income Security Act ("ERISA").  Defendant has filed a Motion for Summary Judgment seeking the dismissal of each of these claims.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue

---

[1] Fed. R. Civ. P. 56(c) (2012).

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

3

## LAW AND ANALYSIS

Defendant sets forth arguments for the dismissal of each of Plaintiff's claims.  This Court will address each in turn.

### A. Age Discrimination

Plaintiff alleges that he was terminated because of his age in violation of Louisiana Revised Statute § 23:312, which makes it unlawful for an employer to discharge an employee because of his age.  Defendant rebuts that Plaintiff's termination was a result of a company-wide reduction in force precipitated by the decline in oil prices and production in the middle of 2014.

"In a reduction in force case, a plaintiff makes out a prima facie case under *McDonnell Douglas* by showing (1) that he is within the protected age group; (2) that he has been adversely affected by the employer's decision; (3) that he was qualified to assume another position at the time of the discharge; and (4) by producing evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue."[9]

Plaintiff offers no evidence to satisfy either the third or fourth prongs required to set forth a prima facie case.  As to the third prong, Plaintiff does not dispute Defendant's contention that there were no other positions available with the company in light of the oil crisis.[10]  As to the fourth prong, Plaintiff

---

[9] *Eastin v. Entergy Corp.*, 42 So. 3d 1163, 1187 (La. App. 5 Cir. 2010).

[10] *See Rousselle v. Murphy Expl. & Prod. Co.*, 963 So. 2d 471, 474 (La. App. 4 Cir. 2007) ("Thus, at the time Rousselle was terminated, there were no other available positions in the company for which he was qualified. Rousselle did not present any evidence refuting Carboni's testimony on this issue, and he has never identified any positions that he was

4

merely states that the employee who assumed his responsibilities following his termination was younger than him at forty-five years old.  Pursuant to Louisiana's age discrimination law, however, all individuals over forty years old are protected from age discrimination in employment.[11]  Accordingly, Plaintiff's replacement was also within the protected class, and Plaintiff therefore cannot show that he was discriminated against on the basis of age.[12] Plaintiff's age discrimination claim is dismissed.

### B. Disability Discrimination

Next, Plaintiff brings a claim for violation of Louisiana's disability discrimination law.  Louisiana Revised Statutes § 23:323 provides that "[n]o otherwise qualified person with a disability shall, on the basis of a disability, be subjected to discrimination in employment."  "To defeat a motion for summary judgment against an employment disability claim, the claimant must establish a prima facie case that: (1) he has a disability, as defined by the statute, (2) he is qualified for the job, and (3) an adverse employment decision was made solely because of the disability."[13]  Defendant alleges that Plaintiff cannot satisfy the first prong required to prove a disability discrimination claim.

Louisiana Revised Statutes § 23:322(3) defines a "disabled person" as "any person who has a physical or mental impairment which substantially limits one or more of the major life activities, or has a record of such an

---

qualified to assume. As such, Rousselle cannot prove the second element of his case against Murphy, and his prima facie case fails.").

[11] La. Rev. Stat. § 23:311.

[12] *See id.*; *Earle v. Aramark Corp.*, 247 F. App'x 519, 523 (5th Cir. 2007).

[13] *Conine ex rel. Estate of Addie v. Universal Oil Products Co.*, 966 So. 2d 763, 767 (La. App. 2 Cir. 2007).

impairment, or is regarded as having such an impairment."  Plaintiff alleges that he was "regarded as" disabled.  "An individual is 'regarded as' disabled where a covered entity mistakenly believes that: (1) the person has a physical impairment that substantially limits one or more major life activities; or (2) an actual, non-limiting impairment substantially limits one or more major life activities."[14]  "'Major life activities' means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."[15]  Plaintiff contends that Defendant regarded his ankle injury as substantially limiting his ability to walk and drive.

Defendant argues that Plaintiff cannot prove a "regarded as" disability because his disability was a transitory impairment.  In support of this argument, Defendant points to a provision of the Americans with Disabilities Act (ADA) that states that a "regarded as" disability cannot be one that is "transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less."[16]  Louisiana's disability discrimination law is modeled after the ADA.[17]  "In interpreting Louisiana's employment discrimination laws, [Louisiana] courts have relied upon similar federal statutes and the interpreting federal jurisprudence."[18]  That said, few, if any, cases have discussed the transitory exception in a "regarded as" claim under Louisiana state law.[19]  This Court holds, however, that the purpose of

---

[14] *Id.*

[15] La. Rev. Stat. § 23:322.

[16] 42 U.S.C. § 12102.

[17] *Conine*, 966 So. 2d at 767.

[18] *Id.*

[19] *See Pugh v. J.C. Penney Co.*, No. 95-3846, 1996 WL 263219, at *6 (E.D. La. May 15, 1996) ("Defendants argue that plaintiff was not 'handicapped' as defined by the [Louisiana's

disability discrimination laws—to remove barriers that prevent individuals
with disabilities from enjoying the same employment opportunities that are
available to persons without disabilities—necessitates their limitation to
disabilities that are more than temporary.[20]   In addition, "because the
Louisiana Employment Discrimination statute is essentially patterned after
the ADA, the result of this Court's analysis under either statute must,
necessarily, be the same."[21]

   This Court finds the analysis in *Randall v. United Petroleum Transports
Inc.* compelling.[22] In *Randall*, the court noted that the plaintiff's impairment
was his inability to drive for a period of six months.  The court held that
Plaintiff could not use this impairment to sustain a disability discrimination
claim because it was transitory.[23]   Here too, Plaintiff's impairment is the
inability to walk or drive for a period of about six weeks following his ankle
surgery.   This is clearly a transitory impairment that does not amount to a
disability.   "The protections afforded by statutes prohibiting disability

---

Civil Rights Act for Handicapped Persons] Act because her post-surgical disability was
transitory, not permanent. No reported decisions have been located addressing this question
under the Louisiana Act. However, federal courts have held that transitory conditions such
as post-surgical restrictions do not render a person 'handicapped' or 'disabled' under either
the Rehabilitation Act, 29 U.S.C. § 701(b), or the ADA, 42 U.S.C. § 12101 et seq., even if those
conditions were long-term. These courts reasoned that the plaintiffs were not disabled
because the conditions were not permanent and the intent of these statutes was to assist
permanently handicapped, not temporarily disabled, individuals to gain and maintain
employment.").

[20] *Hook v. Georgia-Gulf Corp.*, 788 So. 2d 47, 55 (La. App. 1 Cir. 2001); see Pugh, 1996
WL 263219, at *6.

[21] *Mincey v. Dow Chem. Co.,* 217 F. Supp. 2d 737, 742 (M.D. La. 2002).

[22] *Randall v. United Petroleum Transports, Inc.*, 131 F. Supp. 3d 566, 572 (W.D. La.
2015).

[23] *Id.*

7

discrimination are not intended for those who may have only a slight or marginal impairment."[24]    Accordingly, Defendant is granted summary judgment on Plaintiff's disability discrimination claim.

### C. FMLA Interference

Plaintiff next claims that Defendant interfered with his right to FMLA leave by terminating his employment. The FMLA allows an employee to take reasonable leave for medical reasons and prohibits an employer from interfering with, restraining, or denying the exercise or attempt to exercise FMLA rights.[25]   To establish a prima facie interference case, Plaintiff must show that (1) he was an eligible employee, (2) Defendant was an employer subject to the FMLA's requirements, (3) he was entitled to leave, (4) he gave proper notice of the intention to take FMLA leave, and (5) Defendant denied the benefits to which he was entitled under the FMLA.[26]   Interference claims do not require a showing of discriminatory intent.[27]   Defendant claims that Plaintiff cannot succeed on this claim because he did not give adequate notice and was not entitled to leave.

### i.    Notice

First, Defendant argues that Plaintiff cannot succeed on a claim for FMLA interference because his request to work from home does not constitute proper notice of his intent to take FMLA leave.  The Fifth Circuit has said that "[e]mployees need not expressly assert rights under the FMLA or even mention the FMLA but may only state that leave is needed. The employer will be

---

[24] *Scott v. Stokes*, 976 So. 2d 769, 773 (La. App. 4 Cir. 2008).
[25] 29 U.S.C. §§ 2601, 2615.
[26] *Lanier v. Univ. of Texas Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013).
[27] *Jones v. Children's Hosp.*, 58 F. Supp. 3d 656, 668 (E.D. La. 2014).

expected to obtain any additional required information through informal means."[28]  "There are no magic words required of an employee to take leave under the FMLA."[29]

Prior to his second surgery, Plaintiff notified his supervisor that he would need another surgery on his foot and that would be in a cast for at least six weeks.  He also noted that he intended to continue "to work as hard as [he could] during this whole process."[30]  He also emailed a human resources representative, Jan Simpson, to let her know the same.  His email to Simpson also inquired about short term disability, but he expressed a desire to continue working from home if possible.[31]  Simpson has testified that she never received this email, and she never responded.  Plaintiff alleges that he subsequently called Simpson a few times but was not able to reach her before his termination.  Plaintiff's inquiry about short term disability—necessarily indicating a need to take leave—to a representative of human resources creates a material issue of fact as to whether he gave proper notice of FMLA leave. Under the FMLA, "[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition."[32]  "[A]n employer may have a duty to inquire further if statements made by the employee warrant it."[33]

---

[28] *Greenwell v. State Farm Mut. Auto. Ins. Co.*, 486 F.3d 840, 842 (5th Cir. 2007) (internal quotations omitted).
[29] *Bernard v. EDS Noland Episcopal Day Sch.*, 62 F. Supp. 3d 535, 545 (W.D. La. 2014).
[30] Doc. 19-7.
[31] Doc. 19-8.
[32] *Greenwell*, 486 F.3d at 842.
[33] *Bernard*, 62 F. Supp. 3d at 545.

9

Plaintiff's inquiry about short term leave may be sufficient to satisfy this prong, however, such a finding should be left to the jury.[34]

    *ii.   Entitlement*

Next, Defendant argues that Plaintiff cannot claim FMLA interference because he was not entitled to FMLA leave. Defendant contends that Plaintiff was not entitled to leave because he did not request leave, but rather, requested to work from home. This argument is again defeated by the fact issues identified by Plaintiff. A fact issue remains as to whether Plaintiff gave notice of or requested leave. Accordingly, Defendant's Motion for Summary Judgment on this claim fails.

## D. Violation of FMLA Notice Requirements

Plaintiff next alleges that Defendant violated the FMLA by failing to inform him of his rights under the FMLA. Pursuant to 29 C.F.R. § 825.300(b)(1), when an employee requests FMLA leave, or "when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee" of his FMLA eligibility. Failure to provide notice as required may constitute "interference with, restraint, or denial of the exercise of an employee's FMLA rights."[35] Defendant argues that it did not interfere with Plaintiff's FMLA leave by failing to inform him of his rights because he was aware of those rights and never requested leave requiring notification of said rights.

---

[34] *See Hopson v. Quitman Cty. Hosp. & Nursing Home, Inc.*, 126 F.3d 635, 640 (5th Cir. 1997) ("[I]t is our opinion that the adequacy of Hopson's notice is a fact issue.").

[35] 29 C.F.R. § 825.300; *Calderone v. TARC*, No. 15-30417, 2016 WL 760743, at *2 (5th Cir. Feb. 25, 2016).

### i.    No Obligation to Inform

Defendant argues that Plaintiff's "communications and conduct did not trigger any obligations to explain his FMLA rights."[36]  Defendant argues that because Plaintiff intended to work from home, he was not taking *leave* that may be FMLA-qualifying.  This Court holds that this issue is again disputed by his request to Simpson seeking information regarding short term disability. It is not an unreasonable reading of Plaintiff's communications that, while he may have preferred to work from home, he would have no choice but to seek leave if he was not permitted to do so.  Accordingly, such an inquiry may have triggered Defendant's obligation to inform Plaintiff of his rights under the FMLA.

### ii.    No Prejudice

Defendant next argues that Plaintiff was not prejudiced by any failure to provide notice of FMLA because he was well aware of his rights.  Defendant is correct that "the employee whose employer violated the individualized notice regulations still bears the burden of demonstrating that her rights have been impaired and that she has been prejudiced."[37]   Plaintiff testified at his deposition that he was aware that his employer provided FMLA leave and that he received a copy of employee handbook outlining such.  Plaintiff has not submitted any evidence to this Court that would support a finding that he was unaware of his rights under the FMLA.  Accordingly, Plaintiff cannot show that he was prejudice by any failure on Defendant's part to inform him of his

---

[36] Doc. 19.

[37] *Downey v. Strain*, 510 F.3d 534, 541 (5th Cir. 2007); Calderone, 2016 WL 760743, at *2.

rights under the FMLA.  Defendant is entitled to summary judgment on this claim.

### E. FMLA Retaliation

Plaintiff next claims that he was fired in retaliation for his request to take FMLA leave.  "In order to establish a prima facie case of retaliation under the FMLA, the employee must show the following: 1) he was protected under the FMLA; 2) he suffered an adverse employment action; and 3) he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA."[38]

> Retaliation claims under the FMLA are analyzed under the *McDonnell Douglas* burden-shifting framework. . . . If a plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to provide a 'legitimate, non-discriminatory reason for the employment decision.' If the employer articulates a legitimate, non-discriminatory reason for the employment decision, the burden returns to the plaintiff, who must then be afforded an opportunity to rebut the employer's purported explanation with evidence that the reason given is merely pretextual.[39]

Defendant does not dispute that Plaintiff can prove the first two prongs of a prima facie case but argues that he cannot show a causal link between his termination and his request for leave under the FMLA.  "FMLA retaliation claims are analyzed solely by determining whether the discrimination was a

---

[38] *Mauder v. Metro. Transit Auth. of Harris Cty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006).

[39] *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 210 (5th Cir. 2015) (internal citations omitted).

motivating factor in the adverse employment decision."[40]   Plaintiff points to the temporal proximity between his request for FMLA leave and his termination as evidence of a causal link.   Plaintiff was terminated just eleven days after notifying Defendant of his upcoming surgery.[41]   The Fifth Circuit has stated that "[c]lose timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation."[42]   Plaintiff has not offered any other evidence that his request for leave motivated his termination.   The Supreme Court has stated that in order for mere temporal proximity "between an employer's knowledge of protected activity and an adverse employment action" to be "sufficient evidence of causality to establish a prima facie case," the temporal proximity must be "very close."[43]   Courts have found seventeen days,[44] fifteen days,[45] and ten days[46] to be sufficiently close to establish a causal connection. Accordingly, this Court finds that a gap of only eleven days between Plaintiff's notification and his termination is sufficient to establish a prima facie case of FMLA retaliation.

Next, the burden shifts to Defendant to provide a "legitimate, non-discriminatory reason" for Plaintiff's termination.   Defendant contends that Plaintiff was terminated pursuant to a reduction in force precipitated by the

---

[40] *Id.*

[41] Doc. 24.

[42] *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

[43] *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

[44] *Garcia*, 2014 WL 11188812, at *11.

[45] *Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 870 (S.D. Tex. 2008).

[46] *Goff v. Singing River Health Sys.*, 6 F. Supp. 3d 704, 709 (S.D. Miss. 2014).

oil crisis.  Plaintiff was terminated on February 9, 2015 along with 85 other employees.  Defendant contends that it made the decision to terminate Plaintiff pursuant to the reduction in force on December 17, 2014—more than a month before Plaintiff himself knew that he would require a second surgery.

The burden thus returns to Plaintiff to show that Defendant's explanation is merely pretextual.  To show pretext, Plaintiff points to the fact that he was originally listed for termination pursuant to the RIF list on March 23, 2015, but his termination was later moved forward.  Second, he points to testimony that the RIF list was a fluid, changing document and that some of the employees on the RIF list were never terminated.

Even taking all of these statements as true, however, none call into question the veracity of Defendant's legitimate, non-discriminatory reason. Plaintiff does not dispute that the company was undergoing a reduction in force pursuant to the oil crisis. He also offers no evidence, beyond his own personal knowledge, to dispute the fact that 85 other employees were terminated on February 9—19 of which were, like Plaintiff, originally slated to be let go on March 23.  Defendant offers testimony that the RIF list was fluid in order to respond to the economic changes necessitating the reduction in force.  No reasonable jury could find that Plaintiff was terminated because of an FMLA leave request when the decision to terminate him was made prior to that request.  Plaintiff has failed to establish a material issue of fact that Defendant's legitimate, non-discriminatory reason for his termination is pretextual.  Accordingly, Defendant's Motion for Summary Judgment is granted on this claim.

14

## F. ERISA Interference and Retaliation

Plaintiff also claims that he was terminated in retaliation for his inquiry regarding short term disability under ERISA.  Under 29 U.S.C. § 1140, it is unlawful for an employer to discharge an employee for or discriminate for the purpose of interfering with the attainment or exercise of a right to which he is entitled under an employee benefit plan.  In order to establish a prima facie case of discriminatory retaliation under ERISA, Plaintiff must prove "that the employer terminated the plaintiff in retaliation for exercising an ERISA right or to prevent attainment of benefits to which he would have become entitled under an employee benefit plan."[47] An essential element of a claim for retaliation is proof of the employer's "specific discriminatory intent."[48] Courts employ the *McDonnell Douglas* burden-shifting framework to ERISA retaliation claims as well.[49]

Plaintiff must make a prima facie showing of the following: "(1) adverse employer action (2) taken for the purpose of interfering with the attainment of (3) any right to which the employee is entitled."[50]  Just as with FMLA retaliation, Plaintiff can establish a prima facie case of ERISA retaliation in light of the close proximity between his inquiry regarding short term disability benefits and his termination.  He cannot, however, overcome Defendant's legitimate, non-discriminatory reason for his termination—a reduction in force.  Plaintiff offers no additional evidence save that discussed above that his termination was anything more than a decision made pursuant to Defendant's

---

[47] *Parker v. Cooper Tire & Rubber Co.*, 546 F. App'x 522, 526 (5th Cir.).
[48] *Id.*
[49] *Id.*
[50] *Montes v. Phelps Dodge Indus., Inc.*, 481 F. Supp. 2d 700, 712 (W.D. Tex. 2006).

reduction in force.   Accordingly, Plaintiff's ERISA interference claim is dismissed.

### G. Violation of ERISA Notice Requirement

Finally, Plaintiff's Complaint asserts a claim for Defendant's failure to provide him with information regarding his rights under ERISA.  Defendant argues that Plaintiff cannot succeed on this claim because he did not make a written request for information to the plan administrator as required by ERISA.[51]  Plaintiff's opposition does not address this claim.  Defendant is correct that under ERISA's reporting, disclosure, and notification requirements, the plan administrator is only required to provide a plan participant with a copy of the latest updated summary, plan description, and the latest annual report upon written request.[52]  Plaintiff has not shown that he made a written request to the plan administrator.  Accordingly, Defendant is entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED IN PART.   Plaintiff's only remaining claim is for FMLA interference.    All of Plaintiff's claims, save FMLA interference, are DISMISSED WITH PREJUDICE.

---

[51] *See* 29 U.S.C. § 1024.
[52] *Kujanek v. Houston Poly Bag I, Ltd.*, 658 F.3d 483, 489 (5th Cir. 2011).

New Orleans, Louisiana this 20th day of May, 2016.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**