UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY CRAIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1777** |
| **SCHLUMBERGER TECHNOLOGY CO.** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court are Plaintiff's Motion for Reconsideration (Doc. 44), Defendant's Motion for Reconsideration (Doc. 65), and Defendant's Motions in Limine (Docs. 32, 52). For the following reasons, the Motions for Reconsideration are DENIED, and the Motions in Limine are GRANTED IN PART.

## BACKGROUND

Plaintiff's Complaint alleges that he worked for Defendant Schlumberger Technology Corporation ("Schlumberger") and its predecessor for ten years as a regional sales manager. Schlumberger is a global oil field services provider. A few weeks prior to his termination, Plaintiff learned that he would have to have ankle surgery, which would restrict his ability to drive for a short period of time. He alleges that he alerted his supervisor and the human resources department about the surgery. On February 9, 2015—just

1

four days before the surgery—Plaintiff was informed that he would be terminated from his employment with Defendant. Defendant alleges that Plaintiff was terminated pursuant to a reduction in force resulting from the decline in oil prices.

Plaintiff, a fifty-nine-year-old man, brought suit against his employer, alleging age and disability discrimination and interference and retaliation pursuant to the Family Medical Leave Act ("FMLA") and the Employee Retirement Income Security Act ("ERISA"). On summary judgment, this Court dismissed all of Plaintiff's claims, save his FMLA interference claim.[1] Both parties have asked this Court to reconsider that ruling.

## LEGAL STANDARD

Although styled as Motions for Reconsideration, such a motion is not specifically recognized under the Federal Rules of Civil Procedure. When a movant seeks review of an order, such as in the present case, courts consider a motion for reconsideration under Rule 54(b), 59, or 60.[2] Because Rules 59 and 60 only apply to final judgments, a motion to reconsider that challenges an interlocutory order, as here, is analyzed pursuant to Rule 54(b).[3] Courts in this District generally analyze motions to reconsider interlocutory orders under Rule 59(e).[4]

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the

---

[1] Doc. 38.

[2] *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, No. 3:10–CV–1842–G, 2012 WL 3034707, at *1 (N.D. Tex. July 25, 2012).

[3] *Gulf Fleet Tiger Acquisition, LLC v. Thoma–Sea Ship Builders, LLC*, Nos. 10–1440, 10–1802, 282 F.R.D. 146, 151–52 (E.D. La. 2012).

[4] *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 n.54 (E.D. La. Apr. 5, 2010) (collecting cases); *Gulf Fleet*, 282 F.R.D. at 152 n.40 (same).

entry of judgment."[5] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[6] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[7] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[8] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[9]

## LAW AND ANALYSIS

### A. Plaintiff's Motion for Reconsideration

Plaintiff asks the Court to reconsider its dismissal of his ERISA retaliation, ERISA interference, and FMLA retaliation claims, arguing that he has offered substantial evidence of pretext. In its order of dismissal, this Court held that Plaintiff could not succeed on the aforementioned claims because he could not show an issue of fact to establish that Defendant's legitimate, non-discriminatory reason for his termination—a reduction in force precipitated by the oil crisis—was pretextual. Plaintiff's motion claims that the Court's prior order was "inaccurate" and that he has "offered substantial and compelling evidence of pretext."

As previously stated, however, a motion for reconsideration is not an opportunity to rehash evidence and arguments already espoused. Such a

---

[5] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[6] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).
[7] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[8] *Templet*, 367 F.3d at 479 (citations omitted).
[9] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

motion is appropriate only to correct manifest errors of law or fact or present newly discovered evidence. Plaintiff's motion fails to provide this Court with any new evidence, instead reiterating evidence already presented on summary judgment. Further, Plaintiff has not revealed any manifest error of law or fact made by this Court. Plaintiff does not point to any controlling law that this Court ignored and cites only to opinions from other district courts—many of which this Court had already considered in the first instance. Nothing in Plaintiff's Motion for Reconsideration could serve as grounds for reversal, and nothing causes this Court to question the veracity of its prior holdings. Accordingly, Plaintiff's motion is denied.

### B. Defendant's Motion for Reconsideration

Next, Defendant asks this Court to reconsider its maintenance of Plaintiff's FMLA interference claim for three reasons. First, Defendant argues that Plaintiff's FMLA interference claim should be dismissed because it is merely an attempt to relitigate the FMLA retaliation claim that this Court dismissed. Plaintiff has stated that the interference with his FMLA rights was his termination. Defendant argues that, therefore, Plaintiff's interference claim is no different than an FMLA retaliation claim. Next, Defendant argues that Plaintiff's termination does not constitute unlawful interference with his rights because, in light of the reduction in force, he was not entitled to FMLA benefits because he would have been laid off. Finally, Defendant argues that Plaintiff cannot show that he suffered any damages as a result of Defendant's interference with his FMLA rights.

Merits aside, this Court sees no reason why Defendant could not have espoused these arguments in its summary judgment motion. Motions for reconsideration "cannot be used to raise arguments which could, and should,

4

have been made before the judgment issued."[10]  Despite Defendant's assertion that it was unclear regarding the basis for Plaintiff's interference claim until after this Court ruled on its summary judgment motion, Plaintiff's Complaint clearly alleges that "by terminating Plaintiff from his employment three days before his surgery, Defendant . . . unlawfully interfered" with Plaintiff's rights under the FMLA.  Plaintiff has clearly claimed at all times in this litigation that the FMLA interference was his termination.  Accordingly, each of these arguments could have, and should have, been raised on summary judgment. Consideration of them at this stage is inappropriate.

### C. Defendant's Motion in Limine Regarding Dismissed Claims

After this Court granted summary judgment, Defendant filed the instant Motion in Limine seeking a judgment excluding evidence related to the dismissed claims.  Having reviewed the arguments of both parties, this Court rules as follows:

1. Defendant's request to exclude evidence regarding violations of the FMLA notice requirements is GRANTED.  This evidence is irrelevant as those claims have been dismissed.
2. Defendant's request to exclude testimony and medical records from Dr. Margaret L. Hagan is GRANTED.  Emotional distress damages are no longer at issue in this case.
3. Defendant's request to exclude evidence of Defendant's decision to terminate Plaintiff and of the damages related to his termination are DENIED.  As discussed above, termination remains a relevant issue in this matter.

---

[10] *E.g., Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

4. Defendant's remaining requests for relief are DEFERRED. Defendant has failed to provide this Court with sufficient specificity to allow it to rule on its remaining requests. Defendant's requests are overly broad. The Federal Rules of Evidence "cannot be applied except in the context of specific evidence."[11] In addition, this Court cannot make a ruling as to an expert report that it has not been provided.

### D. Defendant's Motion in Limine to Exclude Testimony and Evidence

Finally, Defendant has filed a Motion in Limine requesting the exclusion of specific pieces of testimony and evidence. Having reviewed the arguments of both parties, this Court rules as follows:

1. Defendant's request to exclude testimony and evidence of alleged stray remarks regarding Plaintiff's age is GRANTED. Having dismissed Plaintiff's age discrimination claim, these remarks are irrelevant and hearsay.

2. Defendant's request to exclude testimony and evidence regarding an employee who volunteered to be laid off is GRANTED. Such testimony is irrelevant to the remaining claim.

3. Defendant's request to exclude evidence regarding whether a human resources employee was present during his termination meeting is DEFERRED. Defendant may reassert this argument at trial.

4. Defendant's request to exclude testimony of Charlie Vise as irrelevant is DEFERRED. Defendant may reassert this argument at trial.

---

[11] *Garcia v. Hackman*, No. CA C-10-311, 2012 WL 401042, at *1 (S.D. Tex. Feb. 6, 2012).

## CONCLUSION

For the foregoing reasons, the Motions for Reconsideration are DENIED, and the Motions in Limine are GRANTED IN PART.

New Orleans, Louisiana this 26th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**