UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY CRAIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1777** |
| **SCHLUMBERGER TECHNOLOGY CO.** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court are Defendant's Motion for Judgment as a Matter of Law, New Trial or Remittitur (Doc. 94), and Plaintiff's Motion for Liquidated Damages, Interest, Costs and Attorneys Fees (Doc. 87). For the following reasons, Defendant's Motion is DENIED, and Plaintiff's Motion is GRANTED and REFERRED to the magistrate judge for the calculation of attorney's fees.

## BACKGROUND

Plaintiff Gregory Crain worked for Defendant Schlumberger Technology Corporation ("Schlumberger") and its predecessor for ten years as a regional sales manager. He was terminated from his position as part of a reduction in force. Plaintiff's claim for interference with leave under the Family Medical Leave Act ("FMLA") was tried before a jury on October 3 and 4, 2016. The jury found that Schlumberger had interfered with Plaintiff's FMLA leave rights and awarded him the amount of his severance, $77,007.00. Defendant now moves

1

this Court for judgment as a matter of law, or alternatively a new trial or remittitur. This Court will consider each argument in turn.

## LEGAL STANDARD

### A. Motion for Judgment as a Matter of Law

Pursuant to Federal Rule of Civil Procedure 50, a party may, at the conclusion of trial, reurge a motion for judgment as a matter of law made during trial. A motion for judgment as a matter of law should only be granted "if the facts and inferences point so strongly in favor of one party that reasonable minds could not disagree."[1] In deciding a Rule 50 motion, the court should "'consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion.'"[2] The court "cannot assess the credibility of witnesses or weigh the evidence."[3]

### B. Motion for New Trial

Rule 59 provides that on a motion filed by a party the court may "[g]rant a new trial on all or some of the issues—and to any party—as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[4] Rule 59(a) does not list out specific grounds for a new trial.[5] On the other hand, the Fifth Circuit has clarified that a new trial may be warranted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[6] "A new trial will not be granted based on trial error

---

[1] *Gomez v. St. Jude Med. Diag Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006).
[2] *Id.* (quoting *Info. Commc'n Corp. v. Unisys Corp.*, 181 F.3d 629, 633 (5th Cir. 1999)
[3] *Id.*
[4] Fed. R. Civ. P. 59(a)(1)(A).
[5] *See id.*
[6] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

2

unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand."[7]

### C. Remittitur

"When a damage award is merely excessive or so large as to appear contrary to right reason, remittitur is the appropriate remedy."[8] A court may remit an award rather than order a new trial, "so long as the award does not result from 'passion or prejudice'" on the part of the jury."[9] "Although the Seventh Amendment prohibits remittitur without offering the plaintiffs a new trial, there is an exception for situations where 'it is apparent as a matter of law that certain identifiable sums included in the verdict should not have been there.'"[10]

## LAW AND ANALYSIS

### A. Judgment as a Matter of Law

Defendant argues that the jury verdict in this matter is unsupported by the record and contrary to law for several reasons. This Court will consider each in turn.

First, it argues that Plaintiff's FMLA interference claim is duplicative of his previously dismissed retaliation claim and should therefore likewise be dismissed. This Court is wholly unimpressed with this argument. FMLA interference and retaliation claims are distinct claims. "A major distinction between these two types of claims is that interference claims do not require a

---

[7] *Learmonth v. Sears, Roebuck and Co.*, 631 F.3d 724, 730 (5th Cir. 2011) (quoting *Foradori v. Harris*, 523 F.3d 477, 506–07 (5th Cir. 2008)) (internal quotations omitted).
[8] *Consol. Companies, Inc. v. Lexington Ins. Co.*, 616 F.3d 422, 435 (5th Cir. 2010) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003)).
[9] *Id.*
[10] *Id.* (quoting *Foradori v. Harris*, 523 F.3d 477, 503 (5th Cir.2008)).

showing of discriminatory intent, whereas retaliation claims do."[11]   An interference claim is the "deprivation of an FMLA entitlement" while a retaliation claim is the "punishment exacted for the plaintiff's exercise of an FMLA right."[12]   Here, Plaintiff originally brought two claims: 1) that his termination was motivated by his right to seek FMLA leave, and 2) that his termination interfered with his right to FMLA leave.  Finding that Plaintiff could not prove that Defendant acted with discriminatory intent, this Court dismissed the first, and the second was tried before a jury.  Plaintiff's FMLA claims are not duplicative.

Second, Defendant argues that there was insufficient evidence elicited at trial to support the jury's findings on almost every element of FMLA interference. The FMLA allows an employee to take reasonable leave for medical reasons and prohibits an employer from interfering with, restraining, or denying the exercise or attempt to exercise FMLA rights.[13]  To establish a prima facie interference case, Plaintiff must show that (1) he was an eligible employee, (2) Defendant was an employer subject to the FMLA's requirements, (3) he was entitled to leave, (4) he gave proper notice of the intention to take FMLA leave, and (5) Defendant denied the benefits to which he was entitled under the FMLA.[14] Defendant claims that Plaintiff cannot succeed on this claim because he did not give adequate notice and was not entitled to leave. This Court will consider each argument in turn.

First, Defendant alleges that Plaintiff did not show that he suffered from a "serious health condition that makes the employee unable to perform the functions of the position of such employee" because his only restriction was his

---

[11] *Kendall v. Walgreen Co.*, No. A-12-CV-847-AWA, 2014 WL 1513960, at *4 (W.D. Tex. Apr. 16, 2014)
[12] *Id.* at *5.
[13] 29 U.S.C. §§ 2601, 2615.
[14] *Lanier v. Univ. of Texas Sw. Med. Ctr.*, 527 Fed. Appx. 312, 316 (5th Cir. 2013).

inability to drive. Sufficient evidence was presented, however, indicating that traveling constituted a large part of Plaintiff's job. Defendant argues that a reasonable jury could not find that traveling was a substantial function of Plaintiff's job because Plaintiff admitted that he only traveled three days in May and ten days in July. Plaintiff also testified, however, that he took vacation time in May. The jury need only have found that Plaintiff's health condition prevented him from performing *one* of the essential functions of his position.[15] The fact that Plaintiff was still capable of performing some of his tasks is inconsequential. Accordingly, it is not an unreasonable conclusion that travelling for ten days out of the month renders travelling an essential function of Plaintiff's employment. Because his foot surgery rendered him unable to drive and therefore travel, the jury reasonably concluded that he suffered a serious health condition under the terms of the FMLA.

Next, Defendant argues that there was not sufficient evidence presented at trial to support a finding that Plaintiff gave proper notice of his need for FMLA leave. It is well-settled that an employee seeking leave under the FMLA "need not expressly assert rights under the FMLA or even mention the FMLA."[16] "An employee needs only to provide her employer with enough information that would reasonably apprise the employer of the employee's request to take time off for a serious health condition. Finally, an employer may have a duty to inquire further if statements made by the employee warrant it."[17] At trial, evidence was introduced showing that Plaintiff sent an email to a human resources representative at Schlumberger inquiring about short term disability. There was also testimony calling into question the

---

[15] 29 C.F.R. § 825.305.
[16] 29 C.F.R. § 825.303.
[17] *Bernard v. EDS Noland Episcopal Day Sch.*, 62 F. Supp. 3d 535, 545 (W.D. La. 2014).

human resources representative's assertion that she never received the email because of a computer virus. It is not unreasonable, then, for the jury to find that Plaintiff's inquiry regarding short term disability gave notice to Schlumberger of Plaintiff's possible need for leave. While there was also evidence presented regarding Plaintiff's intention to work from home following his surgery, such is not so overwhelming as to render the jury's verdict implausible. It is equally possible that, as Plaintiff testified, he wanted to take leave but was willing to work from home if necessary to maintain his employment in light of the troubled state of the oil industry. "When all evidence is viewed in the light most favorable to the jury's verdict, the verdict must stand unless the evidence points 'so strongly and overwhelmingly in favor of one party that the court believes reasonable persons could not arrive at a contrary conclusion.'"[18]

Next, Defendant alleges that there was no legally sufficient evidentiary basis to conclude that it interfered with Plaintiff's right to FMLA leave because the decision to terminate Plaintiff as part of a reduction-in-force was made weeks before anyone, including Plaintiff, knew he would require surgery. It is undisputed that Plaintiff was originally slated to be terminated in March as part of the reduction-in-force, but both Uzma Baber and Jan Simpson, human resource representatives at Schlumberger, testified that the decision to move up Plaintiff's termination was made in mid-January, prior to Plaintiff learning that he would require surgery on January 28. However, no documentation was provided to support this testimony. Indeed, the first time that Plaintiff was listed as being scheduled for February termination was on January 30—two days after he gave notice of the need for surgery. Plaintiff was terminated on

---

[18] *May v. Globalsantafe Drilling Co.*, No. 03-3539, 2007 WL 2728482, at *1 (E.D. La. Sept. 14, 2007) (quoting *Jones v. WalMart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir. 1989)).

February 9. It is not unreasonable to conclude, then, that the jury weighed the credibility of the witnesses and found the January 30 list, as well as the temporal proximity of the notice and termination, to be more persuasive. Such a finding is not so unreasonable that reversal is warranted.

Finally, Defendant takes issue with the amount of the jury's award. The jury awarded Plaintiff $77,007.00—the amount of his severance. Defendant argues that severance is not a guaranteed benefit and that it is speculation to assume that Plaintiff would have been offered a severance package if he had been allowed to take his FMLA leave and then terminated at a later date.

All of the witnesses and documents produced at trial, however, indicate that severance is offered by Schlumberger to employees terminated through a reduction-in-force. Defendant did not put forth any contrary evidence. Accordingly, the jury was not unreasonable in finding that Plaintiff would have been offered a severance package if he had been terminated sometime after taking FMLA leave. Accordingly, the Court declines to grant Defendant judgment as a matter of law.

### B. Motion for New Trial

Defendant next argues that a new trial is warranted because the jury verdict is clearly against the weight of the evidence and because the damages awarded are excessive and speculative. This Court has already addressed and dismissed these arguments above and therefore denies the request for a new trial for the same reasons.

### C. Remittitur

Finally, Defendant asks this Court to remit the damages award because the jury's award is speculative and excessive. The Court discussed and dismissed this allegation above and therefore declines to remit the damages award.

7

**D. Liquidated Damages**

In his motion, Plaintiff seeks liquidated damages pursuant to 29 U.S.C. § 2617, which states that an employer who violates the FMLA "shall be liable" for "an additional amount as liquidated damages" unless the employer "proves to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation." "The FMLA provides that a court shall award liquidated damages equal to the damages due to lost compensation plus interest."[19] The employer carries the burden to establish that its failure to obey the FMLA was in good faith.[20] "Even if a trial court is satisfied that an employer acted both in good faith and reasonably, [however,] it may still award liquidated damages at its discretion in any amount up to that allowed by 29 U.S.C. § 216(b)."[21] "The district court's discretion to reduce the liquidated damages 'must be exercised consistently with the strong presumption under the statute in favor of doubling.'"[22]

Although the FMLA does not define "good faith," courts have held that "[t]o establish good faith, an employer should demonstrate that it took 'active steps to ascertain the dictates' of the FMLA and attempted to comply with the statute."[23] Courts should consider "whether an employer had a subjective intent to comply with the FMLA and whether it acted objectively reasonable in its application of the FMLA."[24] "[T]he subjective component of good faith involves an employer's 'honest intention to ascertain what the [FMLA] requires

---

[19] *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999)
[20] *Id.*
[21] *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990)
[22] *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998)).
[23] *Firth v. Don McGill of W. Houston, Ltd.*, No. H-04-0659, 2006 WL 846377, at *2 (S.D. Tex. Mar. 28, 2006), aff'd sub nom. *Firth v. McGill*, 233 F. App'x 346 (5th Cir. 2007).
[24] *Id.*

8

and to act in accordance with it,' and the objective aspect of good faith considers the employer's 'reasonable grounds for believing its conduct comported with the [FMLA].'"[25]

Defendant argues that the facts presented at trial show an honest intention to comply with the FMLA. It points to its human resources department, employee handbook, AskHR hotline, and procedure for reviewing the list of employees marked for termination through the reduction-in-force for compliance with the FMLA. It also argues that it had reasonable grounds for believing that the termination of Plaintiff complied with the FMLA. It argues that Plaintiff never notified it that he sought FMLA leave and thus it was reasonable in believing that the FMLA was not at issue. In making this argument, however, Defendant seeks to rehash arguments already dismissed by the jury, which found that Plaintiff provided Defendant with proper notice of the need for time off from work because of his "serious health condition."

In reviewing the evidence presented at trial and Defendant's arguments, this Court holds that Defendant has not carried its substantial burden to prove good faith and overcome the presumption of entitlement to liquidated damages. There was sufficient evidence admitted at trial casting doubt on the veracity of Defendant's claim that it never received Plaintiff's inquiry regarding short term disability. In addition, testimony revealed that Plaintiff's former boss and two human resources representatives were aware of his impending surgery prior to his termination. Defendant's failure to consider the possible application of FMLA leave prior to Plaintiff's termination cannot be said to be reasonable or in good faith. Accordingly, Plaintiff is entitled to liquidated damages in the full amount allowed by law.

---

[25] *Id.* (quoting *Friedman v. S. Fla. Psychiatric Assocs., Inc.*, 139 F. Appx. 183, 185–86 (11th Cir. 2005)).

### E. Interest

Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to interest calculated at the prevailing rate. Defendant does not dispute this entitlement. Accordingly, Plaintiff's request for pre-judgment and post-judgment interest is granted.

### F. Attorneys' Fees and Costs

Finally, Plaintiff seeks attorney's fees and costs pursuant to 29 U.S.C. § 2617. Defendant does not dispute Plaintiff's entitlement to attorney's fees and costs, however, it disputes several aspects of the calculation thereof. Accordingly, Plaintiff is awarded attorney's fees and costs pursuant to 29 U.S.C § 2617, and the matter is referred to the magistrate judge for calculation.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment as a Matter of Law, New Trial or Remittitur is DENIED. Plaintiff's Motion for Liquidated Damages, Interest, and Attorney's Fees is GRANTED. The calculation of an attorney's fee and costs award is REFERRED to the magistrate judge.

New Orleans, Louisiana this 23rd day of February, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**